UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    Case Nos. 15-cr-20106-18
    15-cr-20219-04
    Hon. Matthew F. Leitman

CEDARRIUS RAYNARD FROST,

    Defendant.

_____/

**ORDER DENYING MOTION FOR
REDUCTION IN SENTENCE (ECF Nos. 968, 201)**

Defendant Cedarrius Raynard Frost pleaded guilty to conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a). (*See* Plea Agreement, ECF No. 409, PageID.1511; ECF No. 98, PageID.354.)[1] On June 28, 2017, Frost was sentenced to 168 months in custody. (*See* Hr'g Tr. 6/28/17, ECF No. 713, PageID.3121; ECF No. 166, PageID.775.) Now before the Court is a motion by Frost seeking a reduction in his sentence under 18 U.S.C. 3582(c)(1) – the so-called "compassionate release" statute. (*See* Mot., ECF No. 968; ECF No. 201.) Frost argues that he is entitled to release because (1) under a change in the law that

---

[1] Frost was charged and pleaded guilty to this offense under two separate case numbers. The record citations in this order first cite the docket number in Case No. 15-cr-20106 and then the docket number in Case No. 15-cr-20219. The cited entries on the two different dockets are identical.

1

occurred after his sentencing (and which does not apply retroactively), he would receive a substantially shorter sentence if he were to be sentenced for his same offense today and (2) he has rehabilitated himself while in custody. For the reasons explained below, Frost's motion is **DENIED**.

# I

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)). "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant a reduction in sentence:

> [T]he court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that … extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). As the United States Court of Appeals for the Sixth Circuit has explained, the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the Section 3553(a) factors, "to the extent applicable," support a reduction. *United States*

*v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Sixth Circuit has added that a district court "must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

## II

Section 3582(c)(1)(A) does not describe what constitutes an "extraordinary and compelling" circumstance. A recent addition to the United States Sentencing Guidelines, Section 1B1.13(b)(6), indicates that under some circumstances, a nonretroactive change in the law may be considered in determining whether extraordinary and compelling circumstances exist:

> **Unusually Long Sentence.**—If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Frost argues that Section 1B1.13(b)(6) authorizes the Court to determine whether a non-retroactive change in the law amounts to extraordinary and

3

compelling circumstances in his case. (*See* Mot., ECF No. 968, PageID.4459; ECF No. 201, PageID.895.)  The Court disagrees.  Under the plain language of Section 1B1.13(b)(6), Frost is not eligible for compassionate release based upon a change in the law because he has not served at least ten years of his term of imprisonment. Therefore, even if Section 1B1.13(b)(6) is a permissible exercise of the Sentencing Commission's authority (and that is a matter of sharp dispute at this time[2]), it does not help Frost.

Frost also suggests that he has achieved rehabilitation that rises to the level of an extraordinary and compelling circumstance. (*See* Mot., ECF No. 968, PageID.4460; ECF No. 201, PageID.896.)  However, rehabilitation, standing alone, cannot amount to an extraordinary and compelling circumstance.  *See* 28 U.S.C. § 994(t).

---

[2] The Sixth Circuit has held that a nonretroactive change in the law cannot be an extraordinary and compelling circumstance. See *United States v. McCall*, 56 F.4th 1048, 1065 (6th Cir. 2022).  District courts in this Circuit are divided on the question of whether, in light of that holding, it is permissible to find under Section 1B1.13(b)(6) that a non-retroactive change in the law can be considered in finding extraordinary and compelling circumstances. *Compare United States v. Brown*, 715 F.Supp.3d 1034, 1040 (S.D. Ohio 2024) (holding that under Section 1B1.13(b)(6), a district court may find extraordinary and compelling circumstances based upon a non-retroactive change in the law), *with United States v. Hill*, NO 5:11 CR 536, 2024 WL 2089011, at *4–*7 (N.D. Ohio May 9, 2024) (holding that a district court may not find extraordinary and compelling circumstances under Section 1B1.13(b)(6) based upon a non-retroactive change in the law); *United States v. Terry*, No. 6:11-cr-0036, 2024 WL 2834453, at *2 (W.D. Ky. June 4, 2024) (same; collecting cases). The Court need not, and does not, take sides on this issue here.

Finally, Frost's motion fails for another reason. He has failed to show that the Section 3553(a) factors counsel in favor of a reduced sentence. "[T]he burden is on [Frost] to 'make a compelling case as to why the § 3553(a) analysis would be different if conducted today." *United States v. Hogg*, 592 F.Supp.3d 627, 632 (E.D. Mich. 2022) (quoting *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)) (cleaned up). Frost has made no attempt to show that the Section 3553(a) factors would support a reduction in his sentence. For this additional reason, he is not entitled to compassionate release.

## III

For all of the reasons stated above, the motion for reduction in sentence is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: November 5, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 5, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126